# Fort Pitt Taxicab Co., Appellant, *v.* Edward E. Rieck Company.

*Foreign attachment—Sale—Voidable sale—Lien for repairs—Automobile.*

Where an automobile is attached in foreign attachment proceedings in the hands of a repairman and pending the proceedings, the car is sold with knowledge of the owner at public sale by the repairman for his charges, and thereafter, a nonsuit is entered in the foreign attachment, and the attachment is dissolved, the owner of the car has no right to recover damages from the plaintiff in the foreign attachment, inasmuch as he took no steps to stop the sale or have it set aside.

Argued April 22, 1918. Appeal, No. 6, April T., 1918, by plaintiff, from order of C. P. Allegheny Co., April T., 1917, No. 1275, refusing appeal from County Court in case of Fort Pitt Taxicab Company v. Edward E. Rieck Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for appeal from County Court.

From the record it appeared that the County Court entered judgment for defendant in an action of trespass, KENNEDY, J., filing the following opinion:

The defendant caused a foreign attachment to be issued out of the Court of Common Pleas of Allegheny County, by virtue of which the sheriff attached an automobile claimed to be the property of the plaintiff. A judgment of nonsuit was subsequently entered against the plaintiff in said foreign attachment proceedings, whereupon the plaintiff herein demanded that the defendant delivered possession of the automobile so attached to the plaintiff.

It further appears from the testimony that at the time of the attachment the automobile was not in the immediate possession of the plaintiff, but was in the possession of the Auto Metal Body Company for repairs, and which company refused to release possession of the automobile unless its bill for the sum of $152 was paid.

That subsequently the Auto Metal Company advertised the automobile for sale, and later sold the automobile at public sale, for the purpose of realizing a fund to meet its claim for services in repairing the automobile.

That the plaintiff knew of said proposed sale and notified the defendant thereof, to which the defendant replied that the automobile was not worth more than the claim against it and suggested that plaintiff buy the car in, and that it would not interfere.

That the said sale took place during the pendency of the foreign attachment proceedings.

The plaintiff now claims that the sale by the repair-man upon his common-law lien for repairs, having taken place during the pendency of the attachment proceedings, is and was void, because the property was in custodia legis and could not have been lawfully sold without an order of court, and that therefore the defendant here cannot set up as a defense the superior claim of the common-law lienor to the possession of the automobile as against the possession of the defendant here under its attachment.

The weakness of this proposition lies in the assumption that the sale by the lienor was void rather than voidable. It may be that the sale might have been set aside at the time, but now after the attachment has been dissolved and the purchaser at the sale and the price for which the machine was sold having been apparently satisfactory to both the plaintiff and the defendant herein, and the only basis upon which the sale could have been attacked, i. e., the pendency of the foreign attachment, having ceased to exist, the sale was and is a lawful one, and having been founded on a lien and possession prior and superior to that of the defendant here, under its attachment, has deprived the defendant from any possession or right of possession thereunder, and renders it powerless to return or deliver possession of the automobile to the plaintiff.

We are of the opinion that the plaintiff here, not having availed itself of the opportunity to have set the sale aside, which it had a right to do, because of its equitable interest in the automobile, nor having paid the claim of the lienor for services, nor having become a bidder at the sale, where it might have acquired the automobile for less than its value, or compelled the successful bidder to pay a fair price for it, is now estopped from pursuing its claim against the defendant, and are further of the opinion that if the car had been of any value above the claim of the lienor that plaintiff would not have permitted the car to have been sold.

We conclude therefore that the plaintiff, having acquiesced in what has resulted in a valid sale of the car to a stranger, whose possession and right of possession are superior to those of the defendant under the foreign attachment, cannot recover in this action, and therefore judgment for the defendant.

*Error assigned* was order refusing appeal.

*Lowrie C. Barton,* for appellant.

*S. S. Robertson,* for appellee.

PER CURIAM, July 10, 1918:

This case was carefully tried before the county court, and an opinion filed which clearly disposes of the question involved. This was adopted as controlling by the Court of Common Pleas in refusing to allow an appeal from the judgment of the county court.

The judgment is affirmed.